

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

RJG/EL AGR
2011R01039

970 Broad Street, Suite 700
Newark, NJ 07102

973 645-2700

November 28, 2012

Susan Cassell, Esq.
419 Lucille Court
Ridgewood, NJ 07450

Re: Plea Agreement with Stephanie Mitchell
CR. 13-537-01 (RmB)

Dear Ms. Cassell:

This letter sets forth the plea agreement between your client, Stephanie Mitchell, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Stephanie Mitchell to a One Count Information which charges conspiracy to commit mail fraud, contrary to 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349. If Stephanie Mitchell enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Stephanie Mitchell for engaging in a conspiracy to defraud the Department of Education, and to obtain funds from the Department of Education by means of materially false and fraudulent pretenses, to wit obtaining student loans, debit cards and checks issued in the name of "H.S." and others between on or about August 19, 2010 through on or about March 21, 2012. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Stephanie Mitchell may be commenced against her, notwithstanding the expiration of the limitations period after Stephanie Mitchell signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Stephanie Mitchell agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Stephanie Mitchell is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Stephanie Mitchell ultimately will receive.

Further, in addition to imposing any other penalty on Stephanie Mitchell, the sentencing judge: (1) will order Stephanie Mitchell to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Stephanie Mitchell to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Stephanie Mitchell, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) pursuant to 18 U.S.C. § 3583, may require Stephanie Mitchell to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should Stephanie Mitchell be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Stephanie Mitchell may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Stephanie Mitchell agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense, to the Department of Education in the amount of $272,247.75.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Stephanie Mitchell by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of defendant Mitchell's activities and relevant conduct with respect to this case.

Stipulations

This Office and Stephanie Mitchell agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Stephanie Mitchell from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Stephanie Mitchell waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Stephanie Mitchell agrees that as part of her acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(c) & 28 U.S.C. § 2461, she will consent to the entry of a forfeiture money judgment in the amount of $272,247.75 in United States currency (the "Forfeiture Money Judgment"). Stephanie Mitchell acknowledges that the $272,247.75 is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to an offense contrary to 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date she enters her plea of guilty pursuant to this agreement, Stephanie Mitchell shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Stephanie Mitchell enters her plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Stephanie Mitchell fails to pay any portion of the Forfeiture Money Judgment on or before the date of her guilty plea, Stephanie Mitchell consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Immigration Consequences

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Stephanie Mitchell. This agreement does not prohibit the United States, or any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Stephanie Mitchell.

No Other Promises

This agreement constitutes the plea agreement between Stephanie Mitchell and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

*Deborah J. Gannett*
By: DEBORAH J. GANNETT
Assistant U.S. Attorney

APPROVED:

*Maureen A. Ruane*
MAUREEN A. RUANE, Chief
Health Care & Government Fraud Unit

   I have received this letter from my attorney, Susan Cassell, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:

_____  Date: 5-8-2013
Stephanie Mitchell


   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____  Date: 5/10/13
Susan Cassell, Esq.

<u>Plea Agreement With Stephanie Mitchell</u>

<u>Schedule A</u>

1. This Office and Stephanie Mitchell recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Stephanie Mitchell nevertheless agree to the stipulations set forth herein and agree that the Court should sentence Stephanie Mitchell within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Stephanie Mitchell further agree that neither party will argue for the imposition of a sentence outside the Guidelines range. The parties further agree that a sentence within the agreed total Guidelines offense level is reasonable.

2. The version of the United States Sentencing Guidelines effective November 1, 2012, applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7. <u>See</u> U.S.S.G. § 2B1.1(a)(1).

3. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(G) applies because the loss is more than $200,000 but not more than $400,000. This Specific Offense Characteristic results in an increase of 12 levels.

4. As of the date of this letter, Stephanie Mitchell has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Stephanie Mitchell's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Stephanie Mitchell has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Stephanie Mitchell 's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Stephanie Mitchell enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Stephanie Mitchell's acceptance of responsibility has continued through the date of sentencing and Stephanie Mitchell therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and © Stephanie Mitchell's offense level

under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Stephanie Mitchell is 16 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 16 is reasonable.

8. Stephanie Mitchell knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 16. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 16. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.